J-A13037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 47 BRAND, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| OXFORD FINANCIAL MORTGAGE, | : | |
| INC. | : | |
| | : | |
| Appellant | : | No. 2468 EDA 2021 |

Appeal from the Judgment Entered October 15, 2021
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2020-03700-CT

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 28, 2022**

Appellant, Oxford Financial Mortgage, Inc., appeals from the judgment entered in the Chester County Court of Common Pleas in favor of Appellee, 47 Brand, LLC, in this breach of contract action. We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellee is in the business of selling sports merchandise. In 2018, Appellant purchased goods from Appellee on credit. Appellant received the goods, and Appellee demanded payment. Appellant, however, failed to pay the amount due.

On June 10, 2020, Appellee filed a complaint against Appellant. The complaint included claims for breach of contract and *quantum meruit*. The matter initially proceeded to compulsory arbitration. On December 14, 2020, the arbitrators entered an award in favor of Appellee and against Appellant in

the amount of $18,287.38. On January 11, 2021, Appellant filed a notice of appeal from the arbitrators' award.

The matter proceeded to a bench trial in the Court of Common Pleas on June 25, 2021. On June 28, 2021, the court issued its decision. The court specifically found: 1) Appellant applied for and received credit from Appellee; 2) Appellant ordered and received goods from Appellee, but Appellant failed to provide any payment; and 3) the amount of the goods at issue totaled $18,287.38. (**See** Finding of Fact and Conclusions of Law, filed 6/28/21, at 1). The court concluded that Appellant breached its contract with Appellee, and it awarded $35,199.26 in damages to Appellee.[1] (**See id.**)

Appellant timely filed a post-trial motion. In it, Appellant noted that Appellee presented invoices at trial to establish the amount of the damages. Appellant argued that Appellee did not establish "a proper legal foundational authentication" to admit the invoices into evidence. (Post-Trial Motion, filed 7/6/21, at 2). Appellant also complained that Appellee presented one witness at trial, Matthew Mihalecsko, and this witness was not the custodian of Appellee's business records or otherwise qualified to offer the invoices into evidence. By order entered October 15, 2021, the court denied Appellant's post-trial motion and entered judgment in favor of Appellee.

---

[1] This figure represented the amount of the goods at issue ($18,287.38), plus interest on the unpaid invoices ($8,504.38), and the counsel fees incurred by Appellee ($8,407.50). (**See** Finding of Fact and Conclusions of Law at 1-2).

Appellant timely filed a notice of appeal on November 12, 2021. On November 15, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed its Rule 1925(b) statement on November 24, 2021.

Appellant now raises three issues for our review:

> Whether the trial court erred as a matter of law in holding that [Appellee's] witness was qualified to sponsor its invoices as an exception to the hearsay rule?
>
> Whether the trial court abused its discretion in disregarding the testimony of [Appellee's] witness disqualifying his personal knowledge of its methods in preparing and maintaining the invoices now at issue?
>
> Whether the trial court erred as a matter of law in not requiring [Appellee] to establish that its witness sponsoring its invoices had the "personal or firsthand knowledge" of how these records were created and maintained?

(Appellant's Brief at 3-4).

Appellant's issues are related, and we address them together. Appellant contends that the invoices presented at trial constituted inadmissible hearsay. Appellant acknowledges the "business records" exception to the hearsay rule, but it insists that the exception requires a witness with personal knowledge of the business records to authenticate the documents. Appellant maintains that Appellee's lone trial witness, Mr. Mihalecsko, did not possess adequate personal knowledge to authenticate the invoices at issue. Relying on a portion of Mr. Mihalecsko's trial testimony, Appellant insists that the witness served as a "sales rep," who could not testify regarding Appellee's "methods of

preparation or maintenance of its business records." (Appellant's Brief at 10, 11). Appellant concludes the court abused its discretion by admitting the invoices into evidence. We disagree.

The following principles apply to this Court's review of a challenge to the admissibility of evidence:

> Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law. To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining.
>
> Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.
>
> Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice.
>
> Unfair prejudice supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially. The function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value and it is not for an appellate court to usurp that function.

*Carlini v. Glenn O. Hawbaker, Inc.*, 219 A.3d 629, 639 (Pa.Super. 2019) (internal citations and quotation marks omitted).

"'[H]earsay' is defined as an out-of-court statement, which is offered in evidence to prove the truth of the matter asserted." *Adams v. Rising Sun Medical Center*, 257 A.3d 26, 35 (Pa.Super. 2020), *appeal denied*, ___ Pa.

___, 263 A.3d 246 (2021). "Generally, hearsay is inadmissible because it is deemed untrustworthy since it was not given under oath and subject to cross-examination." *Id.* Nevertheless, the Pennsylvania Rules of Evidence provide an exception to the general rule prohibiting hearsay for certain types of business records:

> **Rule 803. Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant is Available as a Witness**
>
> \* \* \*
>
> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6). "In regard to the business records exception, the circumstantial trustworthiness arises from the regularity with which business

records are kept and the reliance that businesses place on the accuracy of those records." ***Bayview Loan Servicing LLC v. Wicker***, 651 Pa. 545, 560, 206 A.3d 474, 483 (2019).

This exception has been incorporated into Pennsylvania law through the Uniform Business Records as Evidence Act ("the Act"), which states:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b). "The Act and the Rule substantially overlap in that both generally require that a custodian or other qualified witness testify that the record was made 'at or near the time' of the event recorded and that the record was kept in the regular course of business." ***Bayview Loan Servicing, supra*** at 560, 206 A.3d at 483 (internal footnote omitted).

Regarding the requirement of testimony from a custodian or qualified witness, our Supreme Court has recognized:

> Quite often different individuals have personal knowledge of the various phases of a transaction so that no one individual has knowledge of the entire transaction. In addition, the frequent turnover of personnel often makes it impossible to identify the employee—if it were only one—who took part in the transaction. Under these circumstances, to require the entrant to have personal knowledge of the event recorded, and to require proof of the identity of the recorder, would exclude almost all evidence concerning the activities of large business organizations—a result diametrically opposed to the purpose and spirit of the Business Records as Evidence

Act.

*Id.* at 561, 206 A.3d at 483-84 (quoting *Fauceglia v. Harry*, 409 Pa. 155, 158-59, 185 A.2d 598, 600 (1962)).  "While a qualified witness need not have personal knowledge, the individual must be able to 'provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness….'"  *Carlini, supra* at 641 (quoting *Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.*, 77 A.3d 1, 13 (Pa.Super. 2013)).  Thus, "the import of the Act is to require that the basic integrity of the record-keeping is established," and "as long as someone in the organization has personally observed the event recorded, the evidence should be admitted."  *Bayview Loan Servicing, supra* at 562, 206 A.3d at 484 (internal quotation marks omitted).

Instantly, Appellee presented testimony from Mr. Mihalecsko, who stated that he worked as a "sales rep," and his "territory" included Appellant's retail outlet.  (N.T. Trial (Excerpted Transcript), 6/25/21, at 4; R.R. at 26a).  In this position, Mr. Mihalecsko conducted "day-to-day sales," scouted leads for new customers, and serviced "delinquent accounts."  (*Id.*)  To perform these tasks, Mr. Mihalecsko relied on documents that Appellee regularly prepared, including contracts, credit applications, statements of accounts, and invoices.  (*See id.* at 4-5; R.R. at 26a-27a).  After establishing Mr. Mihalecsko's familiarity with Appellee's various types of business records, Appellee's counsel sought to introduce the invoices for the parties'

transactions. (*Id.* at 9; R.R. at 31a).

At that point, Appellant's counsel objected. The thrust of this objection was that Mr. Mihalecsko was a "salesperson," who was "totally lacking" in knowledge about when Appellee prepared the invoices and whether Appellee kept the documents as part of its regularly conducted business. (*Id.* at 10; R.R. at 32a). The court overruled Appellant's objection and permitted Mr. Mihalecsko to continue. Thereafter, Mr. Mihalecsko confirmed that Appellee generated invoices in the regular course of its business "[a]t the time that we ship" the goods. (*Id.* at 11; R.R. at 33a). The court subsequently admitted the invoices into evidence. (*Id.* at 14; R.R. at 36a).

In defense of its evidentiary ruling, the court noted:

> Although the sponsoring witness need not be the person who created the record or have personal knowledge of the facts set forth in the record, in this instance, Mihalecsko had personal knowledge as [Appellant] was his account. Mihalecsko provided sufficient information relating to the preparation and maintenance of the invoices and his own job responsibilities to qualify the invoices as business records and himself as a witness qualified to sponsor the records for admission.

(Order, filed 10/15/21, at 2; R.R. at 66a). Here, we agree that Mr. Mihalecsko provided sufficient information relating to the preparation and maintenance of the invoices to justify a presumption of trustworthiness. *See Carlini, supra*.

Moreover, we disagree with Appellant's argument that a salesperson could not possess adequate knowledge to justify the admissibility of the records under Rule 803(6). At its core, this case involved a dispute over one

party's failure to pay for goods purchased on credit. Contrary to Appellant's argument, an employee who oversees collection efforts for "delinquent accounts" is uniquely suited to comment on the preparation and maintenance of the invoices pertaining to such accounts. *See* 42 Pa.C.S.A. § 6108(b). On this record, we conclude that the court did not abuse its discretion by admitting the invoices into evidence. ***See Carlini, supra***. Accordingly, we affirm the judgment in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022